UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ANTIONE BELL,

    Plaintiff,

-vs-                                    Case No.
                                          Hon.

HSBC BANK NEVADA N.A., and
LVNV FUNDING LLC,

    Defendants.

## **COMPLAINT & JURY DEMAND**

### **Jurisdiction**

1. This Court has federal question jurisdiction as this case is brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

2. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331, 1337.

3. This Court may take supplemental jurisdiction over any state law or common law claims set forth herein as all the claims in this lawsuit arise out of a common nucleus of operative fact.

### **Venue**

4. The transactions and occurrences which give rise to this action occurred in Wayne County.

5. Venue is proper in the Eastern District of Michigan.

**Parties**

6. Antione Bell resides in Detroit, Michigan.

7. Antione Bell is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

8. The Defendant, HSBC Bank Nevada N.A. ("HSBC Bank"), is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 USC §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

**General Factual Allegations**

9. On or about July 28, 2007, Plaintiff bought a ring at Saks Fifth Avenue in Cincinnatti, Ohio.

10. Plaintiff returned the ring for a refund via Fedex on or about September 14, 2007.

11. Saks received the returned ring, acknowledged receipt of the ring but failed to credit Mr. Bell for the refund.

12. Saks opened an account for the balance it refused to refund to Mr. Bell and assigned that alleged account ("alleged account") to HSBC.

13. HSBC began reporting false and derogatory information ("false information") on Mr. Bell's credit report.

14. Plaintiff discovered the false information on one or more of his consumer reports.

15. Mr. Bell disputed that inaccurate information by transmitting actual notice of hisdispute along with an adequate description and explanation to one or more major credit reporting agencies.

16. Mr. Bell requested that one or more major credit reporting agencies reinvestigate and correct the information as envisioned by 15 U.S.C. § 1681i.

17. Mr. Bell's request for reinvestigation included sufficient information to provide actual notice that the subject credit information was inaccurate and the source of information was not reliable.

18. One or more credit reporting agencies responded to this dispute from Mr. Bell by requesting verification of the subject false information from HSBC Bank.

19. HSBC Bank responded to the reinvestigation request by verifying the false credit information.

20. HSBC Bank failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was wilful.

21. As a result of HSBC Bank's wilful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

22. HSBC assigned or sold the alleged account to LVNV Funding LLC.

23. LVNV knew or should have known that the alleged account was disputed and that Mr. Bell did not owe the money alleged.

### COUNT I – Fair Credit Reporting Act (HSBC Bank)

24. Mr. Bell incorporates the preceding allegations by reference.

25. HSBC Bank was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Mr. Bell through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

26. In the event that HSBC Bank was unable to verify the information which it had reported, HSBC Bank was required to advise the credit reporting agency of this fact.

27. Following the reinvestigation, HSBC Bank reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

28. Following the reinvestigation, HSBC Bank reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

29. Following the reinvestigation and dispatch of notice directly to HSBC Bank, HSBC Bank reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

30. Following the reinvestigation and dispatch of direct notice to HSBC Bank, HSBC Bank failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

31. HSBC Bank willfully refused to properly to put in place adequate procedures to reinvestigate the inaccuracies in Mr. Bell's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

32. In the alternative, HSBC Bank negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

33. HSBC Bank willfully refused to properly reinvestigate the inaccuracies in Mr. Bell's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

34. In the alternative, HSBC Bank negligently failed to conduct a proper reinvestigation of Mr. Bell's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

35. Mr. Bell has suffered damages as a result of these violations of the FCRA.

### COUNT II – Intentional Infliction of Emotional Distress (HSBC Bank)

36. Plaintiff incorporates the preceding allegations by reference.

37. HSBC Bank's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

38. HSBC Bank intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

39. HSBC Bank's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

40. Plaintiff has suffered damages as a result of the conduct of HSBC Bank.

### COUNT III – Negligence (HSBC Bank)

41. Plaintiff incorporates the preceding allegations by reference.

42. HSBC Bank owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

43. Plaintiff holds a property interest in his good name, credit worthiness, and reputation.

44. HSBC Bank's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

45. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by HSBC Bank.

### COUNT IV – Negligence *Per Se* – (HSBC Bank)

46. Plaintiff incorporates the preceding allegations by reference.

47. HSBC Bank's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

48. Those unreasonable actions were *per* se unreasonable.

49. Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by HSBC Bank.

### COUNT IV – Defamation by Libel (HSBC Bank)

50. Plaintiff incorporates the preceding allegations by reference.

51. HSBC Bank's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

52. HSBC Bank's publications were not privileged communications.

53. HSBC Bank's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

54. The statements were *per se* defamatory.

55. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

56. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

### COUNT V – Malicious Statutory Libel (HSBC Bank)

57. Plaintiff incorporates the preceding allegations by reference.

58. The inaccurate credit information was published with malice or ill-will.

59. Plaintiff has suffered damages as a result of this malicious libel by HSBC Bank in violation of M.C.L. § 600.2911.

60. Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911(e).

### COUNT VI – Fair Debt Collection Practices Act (LVNV Funding LLC)

61. Mr. Bell incorporates the preceding allegations by reference.

62. At all relevant times LVNV Funding LLC – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

63. LVNV Funding LLC is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

64. LVNV Funding LLC's foregoing acts in attempting to collect this alleged debt against Mr. Bell constitute violations of the FDCPA.

65. Mr. Bell has suffered damages as a result of these violations of the FDCPA.

### COUNT VII – Michigan Occupational Code (LVNV Funding LLC)

66. Mr. Bell incorporates the preceding allegations by reference.

67. LVNV Funding LLC is a "collection agency" as that term is defined in the Michigan Occupational Code, M.C.L. § 339.901(b).

68. Mr. Bell is a debtor as that term is defined in M.C.L. § 339.901(f).

69. LVNV Funding LLC's foregoing acts in attempting to collect this alleged debt against Mr. Bell constitute violations of the Occupational Code.

70. Mr. Bell has suffered damages as a result of these violations of the Michigan Occupational Code.

**Demand for Jury Trial**

71. Plaintiff demands trial by jury in this action.

**Demand For Judgment for Relief**

*ACCORDINGLY,* Requests One *that this Court:*

a. *Assume jurisdiction over all claims;.*

b. *Award actual damages.*

c. *Award statutory damages.*

d. *Award punitive damages.*

e. *Award statutory costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:   s/ Adam G. Taub
      Adam G. Taub (P48703)
      Attorney for Antione Bell
      18930 West 10 Mile Rd. Suite 2500
      Southfield, MI 48075
      Phone:  (248) 746-3790
      Email:   adamgtaub@clgplc.net

Dated:  February 26, 2010